IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ROWENA DANIELS,                          *

     Plaintiff,                         *

vs.                                      *
                             CASE NO. 4:24-cv-147 (CDL)
DOLLAR TREE STORES, INC. d/b/a           *
DOLLAR TREE, and JOHN DOES #1-
3,                                       *

     Defendants.                        *

_____

<u>O R D E R</u>

While shopping at a Dollar Tree Store, Rowena Daniels fell
after colliding with a freestanding shelf that was leaning against
a shelving unit.  Daniels brings this renewal action under Georgia
premises liability law for personal injuries she sustained.
Pending before the Court is Dollar Tree's motion for summary
judgment (ECF No. 13).  For the reasons that follow, the motion is
denied.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a).  In determining whether a *genuine* dispute of *material*
fact exists to defeat a motion for summary judgment, the evidence
is viewed in the light most favorable to the party opposing summary

judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Daniels, the record reveals the following facts. On August 11, 2022, Daniels visited a Dollar Tree store in Columbus, Georgia, to purchase sympathy cards and pens. When she entered the store, Daniels proceeded to an aisle which had cards on one side and pens on the other. In doing so, Daniels walked past a separate shelving unit display located between the main aisles of the store and the checkout area. Daniels Dep. 133:2-14; 134:3-15 (ECF No. 15-2). She noticed a Dollar Tree employee stocking shelves around this area.

Once on the card and pen aisle, Daniels spent a few minutes reading different sympathy cards. *Id.* at 57:21-23. She picked out four or five cards and two or three pens, then left the aisle the way she came and proceeded towards the checkout area. *Id.* at 57:23-25; 136:25-137:7. Upon leaving the aisle, Daniels walked into an object and fell. After her fall, she perceived this object to be a beige metal shelf that had been leaning vertically against the shelving unit. *Id.* at 129:2-24; 180:7-19.

2

Daniels did not see the leaning shelf before she fell. The metal shelf she collided with and the shelving unit it was leaning against were the same beige color. *Id.* at 161:24-162:2. Daniels does not know if the beige metal shelf was leaning against the shelving unit when she entered the store or if it had been placed there during her shopping. *Id.* at 135:11-15. Brandi Duncan, a patron present at Dollar Tree when Daniels collided with the object, testified that while Duncan was in the store, no Dollar Tree employee leaned the beige metal shelf against the shelving unit. Duncan Aff. ¶ 8, ECF No. 13-3. After Daniels fell, the shelving unit and the beige metal shelf, which had fallen to the floor, were clearly visible to Daniels. Daniels Dep. 180:7-19.

DISCUSSION

Daniels brought a Georgia law premises liability claim against Dollar Tree.[1] To recover on this claim, Daniels "must show (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner." *John v. Battle Station, LLC*, 877 S.E.2d 702, 705 (Ga. Ct. App. 2022) (quoting *D'Elia v. Phillips Edison & Co.*, 839 S.E.2d 721, 723 (Ga. Ct. App. 2020)). Here, Dollar General argues that Daniels cannot establish the second

---

[1] Neither party disputes that Georgia law applies in this diversity action where the events giving rise to the action occurred in Georgia.

3

element because the shelf was an open and obvious static condition that Daniels knew about before she collided with it.

Where a plaintiff's claim involves an open and obvious static condition like the leaning shelf in this case, a plaintiff who "has successfully negotiated [the static condition] on a previous occasion . . . is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." *Id.* at 706 (quoting *Anderson v. Reynolds*, 502 S.E.2d 782, 784 (Ga. Ct. App. 1998)).  A static condition is "one that does not change and is dangerous only if someone fails to see it and walks into it." *Id.* at 705 (quoting *D'Elia*, 839 S.E.2d at 723).  To preclude recovery, the static condition must be "readily discernible to a person exercising reasonable care for his own safety." *Id.* at 706 (quoting *Martin v. Dunwoody-Shallowford Partners*, 458 S.E.2d 388, 389 (Ga. Ct. App. 1995)).

The Court denied Dollar Tree's summary judgment motion on the same issue in Daniels's prior action against Dollar Tree.[2] Nonetheless, Dollar Tree maintains that the beige metal shelf leaning against the shelving unit was a static condition present when Daniels walked past the shelving unit the first time on her way to the card and pen aisle.  Dollar Tree now relies upon *McCrary v. Bruno's Inc.*, 464 S.E.2d 645 (Ga. Ct. App. 1995) to argue that

---

[2] *See Daniels v. Dollar Tree Stores, Inc.*, No. 4:23-cv-38 (CDL), 2024 WL 1807936 (M.D. Ga. Apr. 25, 2024).

Daniels was aware of the alleged hazardous static condition, and her failure to navigate her way safely around it when leaving the aisle prevents her recovery as a matter of law.

In *McCrary*, the plaintiff "took a step or two" past an area in an aisle of a grocery store before turning around in the aisle and tripping over a push broom leaning against a shelf in the aisle. *Id.* at 646. The Georgia Court of Appeals reasoned that it was a "physical impossibility" for an unseen employee to have placed the broom behind the plaintiff "given the matter of seconds it could have taken plaintiff to take a 'step or two past that area.'" *Id.* at 648.

In its attempt to analogize Daniels's situation to the one in *McCrary*, Dollar Tree points to Brandi Duncan's statement that no employee moved a freestanding shelf in Daniels's path of travel while *Duncan was in the store*. Duncan's affidavit does not establish whether Duncan was present when Daniels walked past the shelving unit the first time and thus does not serve as direct evidence that the leaning shelf was present when Daniels first passed the shelving unit area on her way to the card and pen aisle. In light of Daniels's testimony that she did not observe the leaning shelf on her first pass and that she did not know if it been placed there during the few minutes she spent browsing the card and pen aisle, it is not a "physical impossibility" for an employee to have placed the leaning shelf during those few minutes.

Instead, a reasonable jury could conclude based on this testimony, along with Daniels's testimony that she saw an employee stocking shelves when she arrived, that the leaning shelf was not present when she initially walked past the shelving unit.

Daniels also testified that after she fell, she noticed that the shelf was the same beige color as the shelving unit it was leaning against. The factfinder could thus conclude that the leaning shelf blended in with the unit it was leaning against, making it difficult to discern the alleged hazard. Based on that additional evidence, the factfinder could conclude that a reasonable shopper would not have noticed the hazard. Construing the inferences from the circumstantial evidence in Daniels' favor, as the Court must do at this stage in the litigation, the Court finds that genuine factual disputes exist on whether the shelf was present when Daniels initially passed the shelving unit and whether a reasonably careful shopper should have seen the stray shelf and avoided it. The Court thus denies Dollar Tree's summary judgment motion.

CONCLUSION

For the foregoing reasons, Dollar Tree's summary judgment motion (ECF No. 13) is denied.

IT IS SO ORDERED, this 2nd day of December, 2025.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE